■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY PIRACCI, Appellant.— Appeal by defendant from (1) a judgment of the Supreme Court, Kings County, rendered March 16, 1964 on his plea of guilty, convicting him of manslaughter in the first degree; and (2) an order of said court, entered May 12, 1964, which denied his motion to withdraw his plea of guilty. Order and judgment affirmed. Defendant was indicted with another for murder in the first degree. During the trial, after testimony by 12 of the People's witnesses, and after a *voir dire* as to the voluntariness of defendant's confession and testimony as to the confession itself, all conducted in the jury's presence, defendant interrupted the trial to plead guilty to manslaughter in the first degree. Prior to accepting the plea, the court elicited from defendant the facts constituting the commission of the crime. More than four months later, and prior to sentence, defendant moved to withdraw his plea of guilty on the basis of his claim that the confession, having been illegally obtained when his lawyer was denied access to him, was inadmissible (*People* v. *Donovan*, 13 N Y 2d 148 [decided after defendant's plea in the case at bar had been accepted]). After a hearing, the court denied the motion, stating that it found that defendant's attorney was not denied access and, in addition, that

defendant was convicted on his voluntary admission elicited when he pleaded guilty and not on his confession. While we concur in the findings that defendant's confession was not obtained while his attorney was denied access, it is our opinion that, irrespective thereof, defendant by his plea of guilty waived his right to object to its having been illegally obtained (*People* v. *Rogers,* 15 N Y 2d 690). His waiver applies equally to the voluntariness of the confession (*People* v. *Nicholson,* 11 N Y 2d 1067, cert. den. 371 U. S. 929; *People* v. *Dash,* 16 N Y 2d 493); and that, accordingly, under the circumstances in the case at bar, it was not an improvident exercise of discretion to deny defendant leave to withdraw his plea of guilty. Defendant's contention that the confession was inadmissable because it was obtained without his being advised of his right to remain silent, is invalid (*People* v. *Gunner,* 15 N Y 2d 226; *People* v. *Dusablon,* 16 N Y 2d 9). Beldock, P. J., Ughetta, Christ, Hill and Benjamin, JJ., concur.